Russell G. Wheeler (RW 8995)
Charny & Wheeler P.C.
42 West Market Street
Rhinebeck, New York  12572
Tel - (845) 876-7500
Fax - (845) 876-7501
rwheeler@charnywheeler.com

Attorneys for Plaintiff Cynthia Nwakobi

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYNTHIA NWAKOBI,<br><br>                              Plaintiff,<br><br>v.<br><br>MAXIMUS, INC. and KELLY QUAY, in her individual capacity,<br><br>                              Defendants. | COMPLAINT<br><br>Index No.  1:23-cv-735 (BKS/CFH)<br><br>ELECTRONICALLY FILED<br><br>Jury Trial Demanded |

Plaintiff Cynthia Nwakobi, by and through her counsel Charny & Wheeler, brings this Complaint and in support thereof states as follows.

NATURE OF THE ACTION

1.      This is an action for damages and other relief under:  (i) the Americans with Disabilities of 1990, 42 U.S.C. § 12101 et seq. and amendments thereto (herein the ADA), the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. (herein the Rehabilitation Act), and the New York State Human Rights Law, N.Y. Exec. L. § 296 et seq. (herein the NYHRL) against defendant Maximus, Inc. for failing to accommodate Plaintiffs' disability and for retaliating against Plaintiff for having engaged in a protected activity in connection with her disability; and (ii) under the NYHRL against defendant Kelly Quay, individually, for aiding and abetting defendant Maximus, Inc.'s failure to accommodate Plaintiff's disability and retaliation against

1

Plaintiff for having engaged in a protected activity in connection with her disability.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, in that Plaintiff's claims are brought under the ADA, 42 U.S.C. § 12101 <u>et seq.</u> and the Rehabilitation Act, 29 U.S.C. § 701 <u>et seq.</u>

3. The Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, in that such claims are so related to Plaintiff's claims under the ADA and the Rehabilitation Act that they form part of the same case or controversy under Article III of the United States Constitution.

4. Pursuant to 28 U.S.C. § 1391(b), venue properly lies within the Northern District of New York in that it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Pursuant to 42 U.S.C. § 2000e-5(f)(3), venue properly lies within the Northern District of New York, in that it is the judicial district in which: (i) the unlawful employment practice at issue is alleged to have occurred; (ii) upon information and belief, employment records relevant to such practice are maintained and administered; and/or (iii) Plaintiff would have worked but for the unlawful employment practice alleged herein.

## PARTIES

5. Plaintiff Cynthia Nwakobi (herein Plaintiff) is a female individual and former employee of Defendant, currently residing in Albany County, New York.

6. Defendant Maximus, Inc. (herein Maximus or Corporate Defendant) is and at all relevant times was a for-profit business corporation, organized and existing under the laws of the Commonwealth of Virginia with a principal place of business located in Mclean, Virginia.

7. At all relevant times, Maximus contracted with various government agencies to manage and administer government-sponsored programs, including Medicaid, Medicare, and the New York State of Health project.

8. Upon information and belief, at all times relevant herein, Maximus employed in excess of fifteen (15) employees.

9. Upon information and belief, at all relevant times, Maximus held and/or entered into one or more contracts in excess of $10,000 with a department or agency of the United States for the provision of personal property or nonpersonal services.

10. Upon information and belief, at all relevant times, Maximus was a contractor as defined by CFR § 60-741.2 (d).

11. Upon information and belief, at all relevant times, Maximus was a contractor for purposes of application of Section 503 of the Rehabilitation Act, 29 U.S.C. § 793, et seq.

12. At all relevant times, Maximus maintained one or more offices in Albany, New York, within the Northern District of New York. Upon information and belief, at all relevant times, Maximus maintained employment records (including records of Plaintiff's employment) at such offices that are relevant to the unlawful employment practices herein alleged.

13. Upon information and belief, at all times relevant herein, Maximus contracted to and did supply management and administration services within the State of New York.

14. Upon information and belief, at all times relevant herein, Corporate Defendant derived substantial revenue from the performance of the above-described services within the State of New York.

15. At all relevant times, Kelly Quay (herein Quay or Individual Defendant) was employed by Maximus as a Human Resources Generalist. Upon information and belief, at all relevant times, Quay resided in or around Rochester, New York.

16. Upon information and belief, at all relevant times, Quay was a domiciliary of the State of New York.

## FACTS

### PLAINTIFF'S EMPLOYMENT WITH MAXIMUS

17. Plaintiff began employment with Maximus on a temporary basis in or about November 2015.

18. In or about April 2016, Plaintiff began employment with Maximus on a permanent basis as an Account Review Administrator at its Albany, New York office, assigned to the New York State of Health project.

19. Plaintiff's duties and responsibilities as an Account Review Administrator included processing health insurance appeals; assessing and correcting health care applications; responding to complaints, appeals, and requests for information; and scheduling hearings.

20. At all times relevant times, Plaintiff possessed the skills, knowledge, experience, training, and met all other requirements of the position of Account Review Administrator with Maximus.

### PLAINTIFF'S DISABILITY

21. In or about June 2018, Plaintiff was diagnosed with lumbar spinal stenosis, a chronic narrowing of the spinal canal of the lower back.

22. At all relevant times, Plaintiff's lumbar spinal stenosis substantially impaired a number of her major life activities, including walking, standing, sitting, bending, and lifting.

23. At all relevant times, Plaintiff's lumbar spinal stenosis interfered with her ability to sit for extended periods at a desk or workstation without intermittent breaks to change positions.

24. In or about July 2018, Maximus granted Plaintiff a ninth month leave of absence in connection with her lumbar spinal stenosis.

## MAXIMUS ACCOMODATES PLAINTIFF'S DISABILITY

25. At the conclusion of her leave of absence in or around April 2018, Plaintiff requested that Maximus provide her reasonable accommodation of the disability arising from her lumbar spinal stenosis in the form of a four-hour workday.

26. Maximus granted Plaintiff the requested accommodation.

27. With the accommodation provided by Maximus, Plaintiff was able to perform the essential functions or her position within the physical limitations of her disability.

28. At no point during the period of accommodation did Maximus suggest that Plaintiff was unable to perform the essential functions of her position notwithstanding the modification of her work schedule or that such accommodation imposed upon Maximus an undue business hardship.

29. Throughout the period of accommodation, Plaintiff's performance evaluations were universally positive with no allegations of work deficiencies or missed assignments.

## DEFENDANTS WITHDRAW MAXIMUS'S ACCOMMODATION OF PLAINTIFF'S DISABILITY

30. In or about February 2021, Quay advised Plaintiff that Maximus could no longer accommodate her disability and offered Plaintiff the supposed "choice" of either returning to work full time in contravention of her disabling physical limitations or accepting a demotion to some unidentified position.

31. At the same time, Quay offered Plaintiff the supposed "choice" of either returning to work full time in contravention of her disabling physical limitations or accepting a demotion to some unidentified position.

32. Plaintiff subsequently advised Quay that as a result of her disability, she was not able to return to a full-time schedule, and that she was not willing to accept a demotion.

33. By correspondence dated March 2, 2021, Quay advised Plaintiff that accommodating her disability "was placing an undue burden on the business operation as it has become increasingly difficult for trainings to be conducted in a timely manner given the schedule restraints."

34. At no point prior to Quay's foregoing communications had Maximus claimed any operational impact from the accommodation of Plaintiff's disability or any attendant difficulties with scheduling.

35. In her March 2, 2021 correspondence to Plaintiff, Quay further advised "Unless you can suggest another reasonable accommodation by 3/10/2021, we will be left with no alternative but to terminate your employment…."

PLAINTIFF PROPOSES AN ALTERNATIVE REASONABLE ACCOMMODATION

36. To address the concerns regarding scheduling of trainings that Quay had identified as the basis for the withdrawal of Plaintiff's accommodation, Plaintiff proposed an alternative accommodation by which she volunteered to flex her schedule to attend any in-person trainings and meetings while requesting that any balance of such events be held remotely so that Plaintiff could attend them without regard to the scheduling limitations imposed by her disability.

37. Such accommodation would address the concern identified by Quay as the basis for Maximus's withdrawal of Plaintiff's accommodation, to wit: "increase[ing] difficult[y]" in conducting trainings "in a timely manner given the schedule restraints."

38. Upon information and belief, Plaintiff's proposed accommodation would not have eliminated any essential function of Plaintiff's position, nor would it have imposed on Maximus any undue business hardship.

39. Quay summarily rejected Plaintiff's proposed accommodation, stating "Please note that all trainings and meetings are currently held virtually. Based on the below, the concern still remains with the 4 hours."

## DEFENDANTS TERMINATE PLAINTIFF'S EMPLOYMENT

40. Quay thereafter terminated Plaintiff's employment without further dialogue concerning Plaintiff's proposed accommodation or to otherwise attempt to engage to identify a mutually acceptable reasonable accommodation.

## EEOC AUTHORIZATION TO FILE

41. On or about September 9, 2021, Plaintiff filed a charge against "Maximus" with the Equal Employment Opportunity Commission (herein EEOC) asserting claims of a disability discrimination (to wit, failure to accommodate) and retaliation in violation of the ADA, based upon the foregoing.

42. On or about March 22, 2023, the EEOC issued Plaintiff a Notice of Right to Sue.

43. Plaintiff brings this action within 90 days of the issuance of Notice of Right to Sue.

44. Upon information and belief, Corporate Defendant received adequate notice of the charge of disability discrimination filed with the EEOC by Plaintiff.

45. Upon information and belief, Corporate Defendant was given the option to participate in mediation with respect to Plaintiff's charge of disability discrimination and retaliation.

46. Upon information and belief, Corporate Defendant was given the opportunity to submit to the EEOC a position statement in response to Plaintiff's charge of disability discrimination and retaliation, and in fact, did submit such a position statement.

47. Upon information and belief, Corporate Defendant was not absent from the EEOC proceedings with respect to Plaintiff's charge of disability discrimination and retaliation and, to the extent that Corporate Defendant was absent from those proceedings, such absence did not result in actual prejudice to it.

AS AND FOR A FIRST CAUSE OF ACTION<br>(ADA – Discrimination - Failure to Accommodate)

48. Plaintiff repeats, reiterates and realleges each and every allegation in the preceding paragraphs as if set forth herein at length.

49. By the foregoing acts, Maximus failed to engage in the interactive process regarding the accommodation of Plaintiffs' disability, failed to accommodate Plaintiff's disability, and otherwise discriminated against Plaintiff because of her disability, the record of her disability, and/or because of its perception that Plaintiff is disabled.

50. In so acting, Maximus violated the ADA.

51. As a proximate result of the foregoing discriminatory acts in violation of the ADA, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

### AS AND FOR A SECOND CAUSE OF ACTION
(Rehabilitation Act – Discrimination - Failure to Accommodate)

52. Plaintiff repeats, reiterates and realleges each and every allegation in the preceding paragraphs as if set forth herein at length.

53. By the foregoing acts, Maximus failed to engage in the interactive process regarding the accommodation of Plaintiffs' disability, failed to accommodate Plaintiff's disability, and otherwise discriminated against Plaintiff because of her disability, the record of her disability, and/or because of its perception that Plaintiff is disabled.

54. In so acting, Maximus violated the Rehabilitation Act.

55. As a proximate result of the foregoing discrimnatory acts in violation of the Rehabilitation Act, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

### AS AND FOR A THIRD CAUSE OF ACTION
(NYHRL – Discrimination - Failure to Accommodate)

56. Plaintiff repeats, reiterates and realleges each and every allegation in the preceding paragraphs as if set forth herein at length.

57. By the foregoing acts, Maximus failed to engage in the interactive process regarding the accommodation of Plaintiffs' disability, failed to accommodate Plaintiff's disability, and otherwise discriminated against Plaintiff because of her disability, the record of her disability, and/or because of its perception that Plaintiff is disabled.

58. In so acting, Maximus violated the NYHRL.

59. By the foregoing acts, Quay aided and abetted Maximus's violation of the NYHRL.

60. As a proximate result of the foregoing discriminatory acts in violation of the NYHRL, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

AS AND FOR A FOURTH CAUSE OF ACTION
(ADA – Retaliation)

61. Plaintiff repeats, reiterates and realleges each and every allegation in the preceding paragraphs as if set forth herein at length.

62. By the foregoing acts, Maximus retaliated against Plaintiff because Plaintiff engaged in a protected activity with regard to her disability, including by requesting reasonable accommodation of her disability.

63. In so acting, Maximus violated the ADA.

64. As a proximate result of the foregoing retaliatory acts in violation of the ADA, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

AS AND FOR A FIFTH CAUSE OF ACTION
(Rehabilitation Act – Retaliation)

65. Plaintiff repeats, reiterates and realleges each and every allegation in the preceding paragraphs as if set forth herein at length.

66. By the foregoing acts, Maximus retaliated against Plaintiff because Plaintiff engaged in a protected activity with regard to her disability, including by requesting reasonable accommodation of her disability.

67. In so acting, Maximus violated the Rehabilitation Act.

68. As a proximate result of the foregoing retaliatory acts in violation of the Rehabilitation Act, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION
(NYHRL – Retaliation)

69. Plaintiff repeats, reiterates and realleges each and every allegation in the preceding paragraphs as if set forth herein at length.

70. By the foregoing acts, Maximus retaliated against Plaintiff because Plaintiff engaged in a protected activity with regard to her disability, including by requesting reasonable accommodation of her disability.

71. In so acting, Maximus violated the NYHRL.

72. By the foregoing acts, Quay aided and abetted Maximus's violation of the NYHRL.

73. As a proximate result of the foregoing retaliatory acts in violation of the NYHRL, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

## JURY TRIAL DEMAND

74. Plaintiff requests a jury trial in this matter.

WHEREFORE, Plaintiff requests the following relief:

i. Judgement that Maximus's actions as described herein violated the ADA, the Rehabilitation Act, and the NYHRL;

    ii.        Judgement that Quay's actions as described herein aided and abetted Maximus's violations of the NYHRL;

    iii.        Judgment that Defendants' violations of the ADA, the Rehabilitation Act, and the NYHRL were willful and in bad faith;

    iv.        Judgement awarding Plaintiff compensatory damages in an amount to be determined at trial for the emotional distress suffered as a direct result of Defendants' violations the ADA, the Rehabilitation Act, and the NYHRL;

    v.        Judgment awarding Plaintiff economic damages in an amount to be determined at trial representing the value of lost wages and employment benefits suffered as a direct result of Defendants' violations of the ADA, the Rehabilitation Act, and the NYHRL;

    vi.        Judgement awarding Plaintiff punitive damages in an amount to be determined at trial under the ADA, the Rehabilitation Act, and the NYHRL against Defendants for their intentional and bad faith violations of the ADA, the Rehabilitation Act, and the NYHRL;

    vii.        Judgment granting Plaintiff, pre- and post-judgment interest on damages awarded;

    viii.        Judgment granting Plaintiff her reasonable attorneys fees and costs incurred in bringing this action; and

    ix.        Granting Plaintiff such other and further relief as seems just and proper to the Court.

Dated: Rhinebeck, New York
      June 16, 2023

*/s/ Russell G. Wheeler*

Russell G. Wheeler (RW 8995)
Charny & Wheeler P.C.
42 West Market Street
Rhinebeck, New York  12572
Tel - (845) 876-7500
Fax - (845) 876-7501
rwheeler@charnywheeler.com

Attorneys for Plaintiff Cynthia Nwakobi